Matter of the Petition of CLEVELAND TANKERS, INC., as Owner and Operator of the M/V "JUPITER," for Exoneration From or Limitation of Liability.

Nos. 91–CV–70661–DT, 91–CV–72146–DT, 90–CV–72804–DT, 90–CV–73803–DT and 90–CV–73804–DT.

United States District Court, E.D. Michigan, S.D.

Dec. 10, 1992.

Brian J. Miles, C. Peter Theut, Detroit, MI, Warren J. Marwedel, Chicago, IL, for Fireman's Fund Ins.

Thomas W. Emery, Detroit, MI, for American SS. Co.

William C. Schaefer, Cheryl A. Cardelli, Detroit, MI, for Mohamed Ahmed.

Merritt W. Green, II, Traverse City, MI, for Peter Walton.

Gerald W. Pergande, Bay City, MI, for City of Essexville, MI.

H. Michael Dwan, Saginaw, MI, for Pier 11, Inc.

Donald J. Miller, Richard J. McClear, Detroit, MI, Timothy M. Buck, New York City, for Total Petroleum, Inc.

John L. Foster, Paul D. Galea, Detroit, MI, for Cleveland Tankers, Inc.

Dennis Michael O'Bryan, Birmingham, MI, for Abdul Mussa, Kaid Shajrah, Masud Nagi Mohamed, Charles T. Prescott, III.

Leonard C. Jaques, Detroit, MI, for James Thomas Warren, Joseph Callahan, Paula M. Sexton, Representative of the Estate of Thomas Sexton.

### OPINION AND ORDER DENYING ADMISSIBILITY OF THE CONCLUSIONS CONTAINED IN THE NTSB AND THE USCG REPORTS

DUGGAN, District Judge.

The issue before the Court is whether the conclusions contained in the National Transportation Safety Board Reports and those contained in the U.S. Coast Guard report are admissible. Total Petroleum and Cleveland Tankers agree that the factual portions of those reports are admissible; however, they contend that the opinions and legal conclusions contained therein are inadmissible. Claimants and American Steamship contend that the reports are admissible in their entirety.

### NTSB Reports

49 U.S.C.App. § 1903(c) provides:

No part of any report of the [National Transportation Safety] Board, relating to any accident or the investigation thereof, shall be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such report or reports.

In *Protectus Alpha Navigation Co., Ltd. v. North Pacific Grain Growers, Inc.,* 767 F.2d 1379 (9th Cir.1985), a vessel owner brought an action against a grain terminal owner to recover damages arising out of loss of the vessel by fire after the terminal owner's dock foreman ordered the vessel to cast off. The district court excluded from evidence a report, *including* the factual findings, of the National Transportation Safety Board. The

district court relied upon 49 U.S.C.App. § 1903(c), which provides that no part of any report of the NTSB shall be admitted as evidence in any action for damages growing out of any matter mentioned in such report. The Ninth Circuit held:

> Although strict application of the statute has been somewhat modified in recent cases ... so as to permit some reports of staff investigators and other personnel into evidence, such reports, *to the extent they express agency views or conclusions as to the probable cause of the accident, are excludable under the rule.* The district court had before it all seven volumes of the transcript of the Coast Guard hearing on which the report in question was based, and the excluded report was merely another trier of fact's conclusion as to what transpired that fatal evening. We hold, therefore, that the exclusion of the report of the National Transportation Safety Board was not error.

*Id.* at 1385 (emphasis added) (citations omitted). Thus, while the Ninth Circuit did not find the district court errant in excluding the NTSB report in its entirety, the Ninth Circuit did note that the reports are inadmissible to the extent they express agency views or conclusions as to the probable cause of the accident.

In *Curry v. Chevron, USA*, 779 F.2d 272 (5th Cir.1985), the lawsuit arose out of a crash of a helicopter that was transporting persons to and from various oil rigs located in the Gulf of Mexico. During the course of the trial, counsel for the plaintiffs attempted to have their expert witness testify that he had relied on the probable cause conclusions of the NTSB report in reaching his opinion about the cause of the crash. The report concluded that the probable cause of the crash was the failure of the main rotor blade. *Id.* at 274. While the district court allowed the plaintiffs' expert to base his own conclusions on data included in the report, the district court refused to allow the expert to use the report's opinions and conclusions. The Fifth Circuit Court of Appeals affirmed the district judge's decision, and noted that:

> Plaintiffs contend that under Fed.R.Evid. 703 the expert witness should have been allowed to testify that the NTSB report was one of the sources he relied on in reaching his opinion. But Congress has determined that these reports shall not be used as evidence at trial, and the judicial gloss on § 761(e), while allowing factual portions of the report to be admitted, forbids the use of any conclusory statements in the NTSB reports. *Travelers Insurance Co. v. Riggs*, 671 F.2d 810, 816 (4th Cir.1982); *American Airlines Inc. v. United States*, 418 F.2d 180, 196 (5th Cir.1969).

*Id.* at 274. The Court thus held that the conclusions contained in an NTSB probable cause report were inadmissible in the civil proceeding before the Court. *See also Mullan v. Quickie Aircraft Corp.*, 797 F.2d 845 (10th Cir.1986) (expert was properly allowed to testify where he relied only on factual portions of an NTSB report).

Therefore, recognizing this "judicial gloss" on 49 U.S.C.App. § 1903(c), the factual contents of the NTSB report are admissible into evidence; but any opinions or legal conclusions contained therein are not admissible.

### USCG Reports

46 C.F.R. 4.07–1(b) (1990) provides:

The investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibility.

In *Huber v. United States*, 838 F.2d 398 (9th Cir.1988), the yacht KUHUSHAN sank in a storm off the coast of Marin County, north of San Francisco Bay. Two of the crew members drowned. The survivor and the decedents' representatives sued the United States Coast Guard and Monterey Navigation Company, the owner of a ship involved in the incident, for negligence. After the KUHUSHAN sank, the Coast Guard conducted two investigations and issued public reports. The investigative reports summarized the circumstances of the sinking and also included the investigating officer's conclusions as to the cause of the accident and recommendations about ways to avoid problems in the future. The government objected to the admission into evidence of the

reports' conclusions. A special magistrate held that the reports were admissible in their entirety under Federal Rule of Evidence 801(d)(2) as admissions of a party opponent, and the district court affirmed. *Id.* at 401. The Ninth Circuit reversed.

The Ninth Circuit cited 46 C.F.R. 4.07-1 and held that the United States Coast Guard investigating officers' conclusions and recommendations were inadmissible as evidence in the civil proceeding at issue. The court reasoned:

> The Coast Guard has also directed, consistent with its statutory mandate to promote marine safety, that reports of such investigations shall not be used as evidence to assign civil or criminal responsibility for accidents. The reason for this is obvious: were post accident investigation reports admissible evidence in a later civil proceeding for damages, the investigators might well be reluctant to be completely open and candid in the report, a result which could have adverse consequences for public safety.

*Id.* at 402.

The Ninth Circuit held:

> Thus, for the same reasons that Congress has prohibited use in private litigation of accident investigative reports prepared by the National Transportation Safety Board and other federal agencies, we hold that under 46 C.F.R. § 4.07-1(b), the Coast Guard investigating officers' conclusions and recommendations in the reports are inadmissible as evidence in this private litigation arising out of the accident that was the subject of the reports. That all or part of the reports might, in the absence of a statute or regulation such as this, be admissible under Fed.R.Evid. 801(d)(2) or some other rule is immaterial. Congress may impose limitations on the admissibility of evidence beyond those provided in the Federal Rules of Evidence.

*Id.* at 403. In accord with this holding, and for the same reasons expressed in the discussion of 49 U.S.C.App. § 1903(c), this Court concludes that any opinions or legal conclusions contained in the USCG reports should be excluded.

American Steamship contends that *Beech Aircraft v. Rainey*, 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988), supports the proposition that the opinions and legal conclusions contained in the NTSB and USCG reports are admissible. This Court disagrees.

The Court in *Beech Aircraft* was not concerned with the admission of a United States Coast Guard or National Transportation Safety Board accident investigation report. Rather, the Court was faced with the question of the extent to which a Judge Advocate Generals ("JAG") Report was admissible in civil litigation following the crash of a Navy training aircraft. The difference is significant, because, unlike the statutes governing the admissibility of NTSB and USCG reports, no congressional acts bar the admissibility of JAG reports in civil proceedings. As such, the *Beech* Court was concerned only with the admissibility of the JAG report under Federal Rule of Evidence 803(8)(C), commonly known as the "public records and reports" exception to the hearsay rule. In *Beech Aircraft*, the Court stated:

> We hold, therefore, that portions of investigatory reports *otherwise admissible* under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion.

*Id.* at 170, 109 S.Ct. at 450 (emphasis added). Rule 402 of the Federal Rules of Evidence provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Thus, where, as here, Congress has provided that reports of the NTSB are not admissible in a proceeding such as the instant proceeding, and the United States Coast Guard, under authority of Congress, 14 U.S.C. § 2, has directed that the investigations of marine casualties are not intended to fix civil responsibility, *Beech Aircraft* does not require this Court to hold that the conclusions and opin-

ions contained in the NTSB and USCG reports are admissible.

For the reasons set forth above, this Court concludes that the opinions and legal conclusions contained in the NTSB and USCG reports, are not admissible.

Even if admissibility was not precluded for the reasons indicated in this opinion, this Court does not believe that such conclusions and opinions would assist the trier of fact in making the decisions which this Court is required to make. This Court has been presented with extensive testimony as to the facts circumstances surrounding the incident of September 16, 1990, which is the subject matter of this lawsuit. This Court, as trier of fact, believes that it is capable of making a determination as to fault, responsibility, or limitation, based on the evidence admissible under the Federal Rules of Evidence, and someone else's conclusions based on the information presented to him or her would not, in this Court's opinion, be helpful to this Court.

Therefore,

**IT IS ORDERED** that the conclusions and opinions contained in the NTSB and USCG reports are not admitted into evidence.